Curia, per Harper, Chancellor.
The instructions given by by the presiding Judge of the Court of law, on a former appeal in this case, were “that if the heirs were of fall age and the defendant gave them notice that he was ready to pay over the fund to them, at any time, and he did not make interest on the fund he would, come within the spirit of the exceptions to which I have alluded and would be exempted from the payment of interest. But he must prove the fact of such notice and that when called on by the attorney, in fact, of the heirs that he was ready to pay and did offer to pay the principal sum. To this if the heirs can reply and. shew that he made interest so far he ought to be charged with interest.” The general rule is that an executor or administrator is chargeable with interest and to exempt himself from its payment he ought to shew the circumstances which excuse him; though I think the fact of notice to the heirs might be fairly inferred from the letter of Jno. McAlister Jr. of the 5th of Oct. 1824, acknowledging it to himself; yet there was no proof, *278 although it was so stated in argument, that they were of full age. If they were infants, the administrator was hound, as trustee, to make interest for them. The witness, McGill, who was examined before the Ordinary, stated “that when, as attorney in fact, for the heirs, he called on the administrator for payment the latter replied, that he had come in a bad time that he had not the money, but expected he could get it at Winnsborough, that he had bought a tract of land of Mr. Adger, and it took all the money he had to pay for it.” Now this evidence shows that, to a certain extent, he did use the money for his own purposes and if so, as observed in the case of Brown vs. Wingard, 1 Bail. Eq. 161, that was equivalent to the making of interest on it. The administrator lends to himself and like any other borrower ought to pay interest. The witness further states the administrator to have said, in assigning reasons why he should not pay interest, “that he was always expecting some of the brothers to call for the money and he could have got it for them at any time.” Now if, as this evidence obviously imports, the administrator did make use of the money, generally, for his own purposes, however justly he may have relied on his credit resources to raise it, or call it in when it should be demanded of him, he comes within the rule I have stated and must be regarded as a borrower of the money. The order of the Chancellor is therefore affirmed and the appeal dismissed.
Clarke & McDowell for the defendant. J. Gregg for complainant.
Note. It does not appear from the manuscript of the opinion, in this case, furnished the Reporter, that any of the other Judges concurred in the opinion of Chancellor Harper, but it is presumed they all did.